**UNITED STATES of America, Appellant,**

v.

**William D. PEDERSEN, Appellee.**

**No. 20929.**

United States Court of Appeals Ninth Circuit.

April 5, 1967.

John W. Douglas, Asst. Atty. Gen., J. William Doolittle, Acting Asst. Atty. Gen., Morton Hollander, Chief, Appellate Section, David L. Rose, Harvey L. Zuckman, Attys., Civil Division, Dept. of Justice, Washington, D. C., Manuel L. Real, U. S. Atty., Los Angeles, Cal., for appellant.

Robert W. Fraser, Santa Ana, Cal., for appellee.

Before CHAMBERS, HAMLEY and DUNIWAY, Circuit Judges.

CHAMBERS, Circuit Judge:

Pedersen's orders releasing him from active duty as a major in the United States Marine Corps and assigning him to the Marine Corps Reserve said nothing about "severance" from the service on disability.

If one is severed for disability, one is out of the service. If one goes from active duty to a reserve unit, it may be said one is half in and half out. On certain conditions, one in the reserves is subject to recall. One "severed" is not.

Normally severance pay is much greater than the readjustment pay, which one receives on a transfer out to the reserves. If Pedersen was "readjusted out," he should have received $3,155.00. If he was severed, he was entitled to $12,465.17 ($13,220 less deductions of $754.83). The paymaster contemporaneously with the effective date of the release gave him a government check for $12,465.17 which Pedersen cashed. Four months later, the disbursing officer of the Marine Corps notified Pedersen that he was overpaid and requested repayment of the difference between the two amounts. Pedersen refused.

In this suit for the alleged overpayment, after a trial, the district court ruled for Pedersen.

Obviously, one's pay follows one's status. Here status was established by the release orders. We hold that the larger check does not impeach the release orders.

We cannot follow appellee's contention that the government must somehow prove that, unknown to him, the government did not make through some person or board a determination that he was disabled. However, the government's argument is rather convincing that it did prove satisfactorily that no such determination was made.

From the record, we can find no evidence that Pedersen was really ever on the severance track.

The judgment is reversed. The district court should enter a judgment against Pedersen based on the difference between severance and readjustment pay.